UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:17-cr-00037-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | **OPINION** |
| | ) | **&** |
| DAVID B. HAAS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant David B. Haas' Motion for Compassionate Release made pursuant to the First Step Act. [R. 49.] The United States opposes the motion, arguing that Mr. Bradley has not established that a sentence reduction is warranted. [R. 52.] For the reasons that follow, Mr. Haas' motion is **DENIED**.

**I**

On December 17, 2017, Mr. Haas plead guilty to one count of distribution of child pornography. [R. 29.] On the same day, the Court sentenced Mr. Bradley to 108-months imprisonment, followed by 15 years of supervised release. [*See* R. 30.] As it stands, Mr. Haas has served roughly thirty-eight months (three years and two months) of his 108-month (nine year) sentence. [*See id.*] The Bureau of Prisons, however, lists Mr. Bradley's release date as April 1, 2025. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Feb. 21, 2021). According to this Court's calculations, the time from Mr. Haas' sentencing to his projected release date equals, roughly, seven years and three months. Consequently, Mr. Bradley, having served seven years and three months to-date, has served

about forty-three percent of his sentence. On December 9, 2020, Mr. Haas filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [R. 49.] In support of his requests for relief, Mr. Bradley represents that he has various health issues that put him at heightened risk if he were to contract COVID-19. [R. 49-1 at 6–11.] The United States opposed the motion, arguing it failed on substantive grounds. [*See* R. 52.]

## II

As an initial matter, the United States "does not dispute [under 18 U.S.C. § 3582(c)(1)(A)] the exhaustion of Haas's remedies following the lapse of 30 days from his initial request." [R. 52 at 3.]; *see United States v. Haas*, No. 6:17-CR-00037- GFVT-HAI-1, 2020 WL 4593206, at *4 (E.D. Ky. Aug. 7, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Effectively, the United States has waived any argument that Mr. Haas has failed to exhaust his administrative remedies and so the Court will address the substance of Mr. Haas' motion. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *see also United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

### A

Section 3582 allows for modification of a term of imprisonment for "extraordinary or compelling reasons." 18 U.S.C. § 3582(c)(1)(A). The statute also requires a court to consider whether such a reduction comports with the 18 U.S.C. § 3553(a) factors and any applicable statements issued by the Sentencing Commission. *Id.* The U.S. Sentencing Guideline § 1B1.13 is now an inapplicable inquiry in cases where a prisoner files a motion for compassionate release. *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *9 (Nov. 20, 2020).

Mr. Haas believes that his medical conditions are serious in light of the coronavirus pandemic and justify compassionate release. In support of his argument, Mr. Haas presents medical records showing (1) he has previously been diagnosed with Type II Diabetes (2) he is obese;[1] (3) he has been diagnosed with hypertension and high blood pressure; and (4) and he is at a heightened risk due to his age.[2] [*See* R. 49-1 at 6–11.]

The United States again argues Mr. Haas's motion fails on the merits for two reasons: (1) he has failed to establish "extraordinary and compelling reasons" that would warrant a reduction, and (2) because a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Specifically, the United States argues that Mr. Haas's medical conditions do not rise to a level warranting compassionate release and that his past criminal history counsels against release.

**B**

The Sentencing Commission has provided that "extraordinary and compelling reasons exist under any of four circumstances. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1. However, given the Sixth Circuit's guidance in *Jones*, the Court "may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define "extraordinary and compelling" without consulting the policy statement § 1B1.13." No. 20-3701, 2020 WL 6817488, at *9 (Nov. 20, 2020). The Court will consider whether Mr. Bradley's medical conditions warrant release.

---

[1] Haas stands 6'5'' tall [R. 49-3 at 4], and as recently as October 8, 2020, he weighed 264.8 pounds. [*Id.*] Plugging these figures into the CDC's Adult BMI Calculator, Mr. Haas's BMI is 31.4, which qualifies as "Class 1" obesity. *Adult BMI Calculator*, Centers for Disease Control and Prevention (Feb. 21, 2021), https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator htm; *Defining Adult Overweight and Obesity*, Centers for Disease Control and Prevention (Feb. 21, 2021), https://www.cdc.gov/obesity/adult/defining html.
[2] According to Mr. Haas's presentence investigation report, he is currently fifty-seven years old.

3

**1**

The Court recognizes the severity of the novel coronavirus. *See Coronavirus in the U.S.: Latest Map and Case Count*, https://www.ny times.com/interactive/2020/us/coronavirus-us-cases.html, N.Y. TIMES (last visited Apr. 7, 2021). There is no doubt that the dangers of the coronavirus are exacerbated by the prison environment. *See, e.g., Atwi*, 455 F.Supp. 3d at 430. Mr. Haas is currently being held at Ashland FCI. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Apr. 7, 2021). Ashland FCI is currently reporting a low number of new COVID-19 cases, with three infected staff members and zero cases amongst prisoners. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 7, 2021).

**2**

In the context of compassionate release, district courts, lacking medical expertise, are tasked with the heavy burden of (1) analyzing an inmate's extensive medical records; (2) weighing the seriousness of the inmate's conditions against the backdrop of a global pandemic; and (3) deciding whether the conditions are "extraordinary" and "compelling" enough to justify the inmate's release. In our adversarial system, the United States is likewise tasked with the duty of interpreting an inmate's medical records and, in most cases, opposing release. In the present case, the United States argues that Mr. Haas's medical conditions are not extraordinary and compelling in light of § 1B1.13's framework.[3]  [R. 52 at 4.]  As the Defendant asserts and the Government acknowledges, however, district courts are no longer bound by § 1B1.13. Further, a

---

[3] The Government acknowledges that *Jones* determined that district courts are no longer bound by § 1B1.13 in evaluating motions for compassionate release filed directly by prisoners. The Government argues, however, that the Court, in its discretion, can and should analyze Mr. Haas's Motion under § 1B1.13.

4

majority of district courts across the country would disagree with the Government's conclusion as to Mr. Haas's medical conditions, even within the § 1B1.13 framework. *See United States v. Ramsey*, 2020 WL 3798938 (E.D. Wis. July 7, 2020) (granting compassionate release to a 34-year-old defendant with type II diabetes, obesity, and hyperlipidemia); *United States v. Zukerman*, 451 F.Supp.3d 329 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release based on defendant's diabetes, hypertension, obesity, and age); *United States v. Smith*, 2020 WL 3027197 (C.D. Ill. June 5, 2020) (granting compassionate release to a thirty-seven-year-old defendant with diabetes and obesity, among other health conditions); *United States v. Colvin*, 451 F.Supp.3d 237 (D. Conn. Apr. 2, 2020) (finding extraordinary and compelling reasoning justifying release where defendant has "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19" (internal citation marks omitted)); *United States v. Miranda*, 457 F.Supp.3d 141 (D. Conn. May 5, 2020) (noting the seriousness of the defendant's diabetic condition but denying compassionate release on 18 U.S.C. § 3553(a) grounds). Mr. Haas's conditions are well documented, and the current field of medical research shows that COVID-19 patients with Mr. Haas's underlying conditions may have a more severe infection. *See People of Any Age With Underlying Medical Conditions*, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. (last visited Apr. 7, 2021) (listing obesity, type II diabetes, and hypertension as risk factors that may increase risk of severe illness from COVID-19 among people of any age). As the Court in *United States v. Olawoye* found:

> defendant's diabetes decreases his immune response due to fluctuating glucose levels and increases his likelihood of contracting the virus. *Everything You Should Know About Coronavirus and Diabetes*, Healthline, https://www.healthline.com/diabetesmine/coronavirus-and-diabetes. Further, those suffering from diabetes also experience an elevated risk of severe symptoms, complications, inflammation, internal swelling, and a much higher death rate in those without diabetes. *How*

5

>*COVID-19 Impacts People With Diabetes*, American Diabetes Association, https://www.diabetes.org/coronavirus-covid19/how-coronavirus-impacts-people-with-diabetes.

477 F.Supp.3d 1159, 1164 (D. Ore. Aug. 7, 2020).  Mr. Haas is, and has been on lockdown at Ashland FCI, which also poses specific problems for diabetic prisoners who need to engage in physical exercise in order to control their condition.  *See id.*

Age is also a relevant consideration in the context of COVID-19.  Mr. Haas's presentence investigation report indicates that he is fifty-seven years old and will turn fifty-eight in July.  A recent study based on data "from individuals who tested positive for COVID-19 in 38 countries ... found that risk of death from the disease rose with each decade of age."  *See United States v. Miller*, 2020 WL 3791548, at *4 (E.D. Penn. July 4, 2020); *see also Increased Risk of Hospitalization or Death: Age Increases Risk of Severe Illness*, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.  In fact, according to the CDC, adults in the 50-64 years-old age group have four-times as many hospitalizations, and thirty-times as many COVID-related deaths, as adults in the 18-29 age group.  *Increased Risk of Hospitalization or Death: Age Increases Risk of Severe Illness,* CDC.  As a consequence, Mr. Haas's age is an additional complicating factor that weighs in favor of compassionate release.

Further, as many district courts have noted before, "obesity alone is the 'most significant risk factor, after only older age, for being hospitalized with COVID-19.'"  *Olawoye*, 2020 WL 4559816, at *4 (quoting Roni Caryn Rabin, *Obesity Linked to Severe Coronavirus Disease, Especially for Younger Patients*, The NY TIMES (Apr. 17, 2020) https://www.nytimes.com /2020/04/16/health/coronavirus-obesityhigher-risk.html).  Obesity (a BMI between 30 and 40)

6

has been shown to increase a person's risk of severe illness from the coronavirus. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 23, 2021). As previously discussed, Mr. Haas's BMI is 31.4, which puts him squarely at risk of severe illness if he were to catch COVID-19. *See* n.1. Many courts around the country have found obesity to be a persuasive factor in granting compassionate release. *See United States v. Gonzalez*, 2021 WL 37728, at *3 (S.D. Cal. Jan. 5, 2021) (granting compassionate release to thirty-six-year-old defendant based upon his obesity); *see also United States v. Olawoye*, No. 1:15-cr-00172, 2020 WL 4559816, at *4 (D. Or. Aug. 7, 2020) (citing the significant risk of obesity in defendant with BMI of 31.9); *Cf. United States v. Myers*, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020) (declining to release an otherwise healthy and relatively young inmate with obesity as only cognizable risk factor).

Mr. Haas's hypertension diagnosis give this Court pause as well. [*See, e.g.,* 49-3 at 24]; *see also United States v. Herring*, 2020 WL 6886256 at *6 (E.D. Ky. Nov. 24, 2020). Based upon what they know at this time, the CDC lists high blood pressure as a condition that "might" put individuals at an increased risk. *People of Any Age with Underlying Medical Conditions*, CDC. However, preliminary research has suggested that:

> Patients with pre-existing damage to [blood] vessels, for example from diabetes and high blood pressure, face higher risk of serious disease … [r]ecent Centers for Disease Control and Prevention (CDC) data on hospitalized patients in 14 U.S. states found that about one-third had chronic lung disease–but nearly as many had diabetes, and fully half had pre-existing high blood pressure.

*United States v. Calloway*, No. 3:16-cr-00121, 2020 WL 3510684, at *2 (M.D. Tenn. June 29, 2020) (citing *[h]ow does coronavirus kill? Clinicians trace a ferocious rampage through the*

7

*body, from brain to toes*, SCIENCE (April 17, 2020), https://www.sciencemag.org/news/ 2020/04/how-does-corona virus-kill-clinicians-trace-ferocious-rampage-through-body-brain-toes).  Mr. Haas's hypertension, and the potential for complications from COVID-19, is also a cause for concern.

Even though Mr. Haas's medical conditions are notable, the combination of rising vaccination efforts in prisons and falling COVID-19 cases lead this Court to conclude that: (1) Mr. Haas' vaccination is imminent; and (2) he will be sufficiently safe at FCI Ashland until his vaccination day arrives.

"The lowest ebb is the turn of the tide."  Henry Wadsworth Longfellow, *In the Harbor (Loss and Gain)* 79 (1882).  While the United States has certainly not defeated the coronavirus, research and government officials suggest that our country has likely seen the lowest ebb of this pandemic.  *See* Anthony Zurcher, *Covid pandemic: Biden eyes 4 July as "Independence Day" from virus*, BBC NEWS, Mar. 12, 2021, https://www.bbc.com/news/world-us-canada-56368328.  Although cases are beginning to slowly rise in parts of the country, we are now far removed from the disquieting surges of the winter.  *See Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. TIMES, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last visited Apr. 7, 2021).  Impressive vaccination campaigns across the country are contributing to our slow return to some form of normalcy.  Currently, states are administering about three million doses per day on average in the United States[4] and the Bureau of Prisons has administered 111,887 vaccines doses to date.  *COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 7, 2021).  The Court

---

[4] *See How the Vaccine Rollout Is Going in Your County and State,* N.Y. TIMES, https://www.nytimes.com/interactive/2020/us/covid-19-vaccine-doses html (last visited Apr. 7, 2021).

8

understands that not all prisoners, like Mr. Haas, will have immediate access to the vaccine. [*See* R. 55 at 2.] Given the current pace of vaccinations both in federal prisons and in the United States broadly, however, Mr. Haas will soon be eligible. [*Id.*] As noted in past Orders, according to the Bureau of Prisons' COVID-19 Vaccine Guidance, Mr. Haas would be prioritized in receiving the vaccine over other prisoners given his underlying conditions. *Federal Bureau of Prisons Clinical Guidance*, Federal Bureau of Prisons, https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf (Jan. 4, 2021). The prevalence of vaccines in federal prisons and Mr. Haas's impending vaccination strongly cut against the "extraordinary" and "compelling" aspects of his underlying medical conditions.

**3**

Even if Mr. Haas satisfies the extraordinary and compelling standard, however, release is warranted only if release complies with the factors set forth in 18 U.S.C. § 3553(a). The factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or(B) in the case of a violation of probation or supervised

release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Each factor will be addressed in turn, though factors addressing issues that have already been discussed above will not be addressed again in exhaustive detail.

*The nature and circumstances of the offense and the history and characteristics of the defendant* favor release. In his Motion for Compassionate Release, Mr. Haas discusses the positive steps towards rehabilitation that he has undertaken. While incarcerated, Mr. Haas has completed numerous training programs, educational and religious programs, and worked in food services and the UNICOR factory. [R. 49-1 at 18; R. 53 at 8.] Further, Mr. Haas has exhibited his minimum "Recidivism Risk Level" score based upon the "Risk and Needs Assessment" conducted pursuant to the First Step Act. [R. 49-7 at 7.] In relation to Mr. Haas's child pornography offense, Mr. Haas highlights the numerous tools available to the Court in order to monitor his activities and ensure the safety of the community.

    In response, the Government believes that there is sufficient evidence to show Mr. Haas's danger to the community. [R. 52 at 5 –7.] The Government argues that granting Mr. Haas's Motion would run afoul of most § 3553(a) factors, but none more than the ongoing need to

protect the public. [*Id.*] In essence, the Government asserts that Mr. Haas's crime of child pornography distribution is so repugnant, categorically, that this Court should end its inquiry there and deny compassionate release. Once again, many district courts around the country have diverged from the Government's conclusion. Non-producing child-pornography defendants have not been barred from compassionate release by most courts based upon their crimes, alone. As the Court in *United States v. Asher* highlights:

> This Court's finding that the Section 3553(a) factors weigh in favor of compassionate release is in accord with the holdings of numerous other federal district courts within the Eleventh Circuit and beyond that have granted compassionate release to defendants convicted of non-production child pornography crimes during the COVID-19 pandemic. *See, e.g., United States v. Feucht*, No. 11-cr-60025-DDM, 462 F.Supp.3d 1339, (S.D. Fla. May 28, 2020) (considering Section 3553(a) factors and granting compassionate release to defendant incarcerated at FCI Jesup with diabetes convicted of distribution and possession of child pornography)

467 F.Supp.3d 1285, 1293 (N.D. Ga. June 15, 2020). As the *Asher* Court notes, many district courts have considered the compassionate release motions of non-producing child-pornography defendants and granted such motions when warranted. *See United States v. Connell*, Case No. 18-cr-00281-RS-1, 2020 WL 2315858 (N.D. Cal. May 8, 2020) (granting compassionate release for defendant, guilty of child-pornography possession, who suffered from hypertension and pre-diabetes, among other conditions); *United States v. Sawicz*, 453 F.Supp.3d 601, 605 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release for defendant, guilty of second child-pornography-possession offense, who suffered from hypertension); *United States v. Pippin*, 2020 WL 2602140, at *4 (W.D. Wash. May 20, 2020) (granting compassionate release for defendant guilty of child-pornography possession, who suffered from pancytopenia). In lockstep with sister courts around the country, this Court will not adopt the narrow view the Government offers; the nature of the offense is one factor of many in the compassionate release setting. The Court

11

agrees with the Government that Mr. Haas's child pornography crime is concerning. However, Mr. Haas has never been convicted of a violent offense and did not produce the child-pornography content in the present case. Further, Mr. Haas's extensive programming efforts in prison show a commitment to change.

Although Mr. Haas may have a sympathetic case with the first Section 3553(a) factor, *The need for the sentence imposed* cuts against release. The sentence was necessary in this case to punish Mr. Haas for engaging in a child pornography crime. Mr. Haas has served only forty-three percent of his sentence.

This is not to say that the Court is shutting the door on Mr. Haas and throwing away the key. As part of this Order, the United States be required to update the Court on Mr. Haas' vaccination status in the coming months. If Mr. Haas does not receive a vaccine in line with the BOP's guidance, the Court will encourage Mr. Haas to renew his compassionate release motion. At this time, however, the relative risk of keeping Mr. Haas in prison does not outweigh the 3553(a) factors. Mr. Haas has committed a serious crime and served only forty-three percent of his sentence. Releasing Mr. Haas at this juncture is no small matter and this Court is confident that Mr. Haas will soon receive the vaccine and the significant protection that comes with it.

### III

Although it is clear that Mr. Haas suffers from serious medical conditions in light of the COVID-19 pandemic, Mr. Haas has failed to satisfy the applicable § 3553(a) factors justifying his release. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Haas' Motion for Compassionate Release [**R. 49**] is **DENIED**. That being said, the United States SHALL update this Court within **thirty (30) days** of the date of this Order regarding: (1)

whether Mr. Haas has been vaccinated; and (2) if not, whether Mr. Haas has a standing vaccination appointment.

This is the 16th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge